## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-1120

STATE OF LOUISIANA

VERSUS

VELMA HAMPTON

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 90468-M
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS OF THE DATE OF THIS OPINION. APPELLATE COUNSEL'S MOTION TO WITHDRAW IS DENIED AS MOOT.**

**Marcus L. Fontenot**
**District Attorney – 13th JDC**
**P. O. Drawer 780**
**Ville Platte, LA 70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
          State of Louisiana

**Annette Fuller Roach**
**Attorney at Law**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337)436-2900**
**COUNSEL FOR APPELLANT:**
          Velma Hampton

**Decuir, Judge.**

The Defendant, Velma Hampton, was charged and convicted of disturbing the peace, in violation of La.R.S. 14:103(A)(2). On August 9, 2012, she was sentenced to serve three days in the parish jail, suspended. She was placed on probation for one month with the condition that she pay a $50 fine and a $150 witness fee within thirty days. The Defendant was also ordered to pay an Indigent Defender Board assessment of $50.

On August 31, 2012, the Defendant filed a "Motion for Appeal and Designation of Record." An appeal was granted that day, and the Louisiana Appellate Project was appointed to represent the Defendant on appeal. The appeal was subsequently lodged with this court September 26, 2012. On September 27, 2012, this court issued an order requiring the Defendant to show cause why the appeal should not be dismissed as the judgment at issue is not an appealable judgment. The Defendant responded, acknowledging that the matter is not appealable. She requests that the motion for appeal filed in the trial court be considered as a timely notice to file a writ of review and that she be given an opportunity to file an application for supervisory review within thirty days of this court's opinion. Appellate counsel filed a motion to withdraw as counsel of record noting that the Louisiana Appellate Project is authorized to handle appealable cases only.

The judgment at issue is not appealable. *See* La.Code Crim.P. art. 912.1. Accordingly, we hereby dismiss the Defendant's appeal. The Defendant may seek supervisory writs within fifteen (15) days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs, nor must she obtain an order from the trial court setting a return date, as is generally required by

2

Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ. Additionally, counsel's motion to withdraw is denied as moot.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS OF THE DATE OF THIS OPINION. APPELLATE COUNSEL'S MOTION TO WITHDRAW IS DENIED AS MOOT.**